```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED CENTRAL BANK,            )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  10 C 5550
                                )
JJST INC., et al.,              )
                                )
            Defendants.         )

### MEMORANDUM OPINION AND ORDER

This Court inherited this mortgage foreclosure action nearly a year ago when its colleague Honorable George Lindberg exercised his 28 U.S.C. §294(b) prerogative as a senior judge to recuse himself.  Since then this Court has given little heed to the action, simply setting status hearings from time to time because of the indications by counsel for United Central Bank ("Bank") that motions for default foreclosures were in the offing.  But the two just-filed Answers to Bank's First Amended Complaint ("FAC")--one by Marilyn Mathew ("Mathew") as Administrator of the Estate of decedent Matthew Kannathussery and the other by a dozen of the other defendants, including Sibi Kadalimattom ("Kadalimattom")--have focused this Court's attention on the need to issue not one but two opinions, one as to each Answer.  This opinion addresses Mathew's responsive pleading.

FAC ¶1 accurately describes this case as "an action to foreclose on five separate mortgages encumbering certain land and improvements," as well as seeking the enforcement of two

Commercial Guaranties made by Kadalimattom. Kadalimattom is also listed as a guarantor of the notes secured by each of the mortgages.

That common thread appears to support the joinder of Bank's claims under Fed. R. Civ. P. ("Rule") 18(a), although the numerous other parties involved in the different mortgages appear to make that common thread more gossamer-like. But it will be remembered that the Lilliputians managed to bind Gulliver effectively with their gossamer threads--hence for the present this Court will not disturb the combination of so many separate claims into a single lawsuit.[1]

This opinion turns then to the substance of the FAC. With the two Answers referred to earlier having been filed, that appears to leave just four defendants who have not responded, three of whom have been ordered defaulted (see Dkt. Nos. 59 and 60).[2]

On then to Mathew's response, which is chock full of a repeated misuse of the disclaimer provisions of Rule 8(b)(5)(see her Answer ¶¶1-13, 15, 16, 18-57, 126-28 and 130[3]). After each

---

[1] That said, however, this Court reserves the right to take a further look at the subject as matters evolve.

[2] It seems that the remaining defendant, Jonah Robinson, may not have been served with process.

[3] At least as to Answer ¶130, the defect next described in the text is compounded by what plainly appears to be the absence of an objective good faith basis for disclaiming all of Bank's

assertion that tracks that Rule, Mathew goes on to state that she "on that basis denies the allegation" of the corresponding paragraph of Bank's FAC.  That is of course oxymoronic--how can a party who asserts (presumably in good faith) that she lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?  Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

    For years this Court has been patient with lawyers who obviously know Rule 8(b)(5) and employ its terms accurately but who then impermissibly go on in the manner described here[4]--it has been a full decade since this Court issued and published the Appendix in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) that included the same failing as one of the repeated errors by defense counsel that it has encountered over the years.  But even though the sin thus committed may be venial, forgiveness does not necessarily follow.  Enough is enough--because it would appear that the purported denial cannot have been advanced in the objective good faith demanded by Rule 11(b), Mathew's counsel is ordered to show cause on or before January 30, 2012 (1) why the filing has not violated that Rule

---

allegations about the mortgage in which Mathew is directly involved.

    [4] By sheer chance, today's filings in this Court's chambers include two by other lawyers who have committed the same offense.

and (2) why, if so, no sanction should be imposed (see Rule 11(c)(3) and (4)).

------------------------------------------------
Milton I. Shadur
Senior United States District Judge

Date: January 20, 2012