```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED CENTRAL BANK,              )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    No.  10 C 5550
                                  )
JJST INC., et al.,                )
                                  )
            Defendants.           )
```

## MEMORANDUM ORDER

This Court has completed the thankless task of wading through the 86-page Answer by a dozen of the defendants to the 200-paragraph First Amended Complaint ("FAC") in this multiproperty mortgage foreclosure action brought by United Central Bank ("Bank"). This sua sponte memorandum order is triggered by a couple of too-often-repeated problems with that responsive pleading.

Before this Court turns to those, however, a few words are in order about defense counsel's frequent resort to the disclaimer that Fed. R. Civ. P. ("Rule") 8(b)(5) makes available to give defendants the benefit of deemed denials. This Court is of course not in a position to form a view as to the propriety of those disclaimers and therefore takes them at face value--but there is an exception. Defense counsel repeatedly invokes Rule 8(b)(5) as to Bank's allegations of defaults in payment where the FAC paragraph begins "Despite demand for payment," assertedly on the basis that "plaintiff does not specify who made the demand."

That is frankly absurd, for the identity of the individual making a demand for payment has no bearing on the truth (or lack of truth) in the substantive allegation that a defendant has refused or otherwise failed to make such payment. All of those paragraphs of the Answer are therefore stricken, but with leave granted to file appropriate responses to Bank's allegations in the Amended Answer hereafter called for.

Somewhat the same criticism may be leveled against the first of the other two problematic responses addressed here. In a number of places in the FAC, where loans are identified by number ("Loan 340709," for example), the FAC employs the shorthand usage of stating (again for example) "an event of default occurred under the terms of Loan 340709" (FAC ¶23), only to be met with defendants' denial "that an event of default occurred under the terms of Loan 340709 because Loan 340709 is not a document and therefore contains no terms" (Answer ¶23). That same quibble shows up in Answer ¶¶29, 35, 41, 63(j) and 69(j).[1] Once again the offending responses are stricken, with leave granted to replace them with appropriate substantive responses.

Finally, the Answer is chock full of repeated violations of the concept of notice pleading that is incumbent on defendants as well as plaintiffs in federal litigation. Answer ¶¶25, 27, 30,

---

[1] Here, as elsewhere, this order may have missed some instances where the same phenomenon exists. If so, defense counsel will be expected to cure the problem wherever it appears.

31, 33, 36, 37, 39, 42, 43, 45, 49, 51, 55, 57, 63(p), (q) and (r), 69(p), (q) and (r), 74, 79, 81, 83, 85, 87, 88, 92, 94, 95, 103(q) and (r), 112, 114, 116, 119, 121, 122, 130(p), (q) and (r), 140, 142, 144, 146, 148, 149, 157(p), (q) and (r), 162, 166, 167, 169, 171, 173, 175, 176, 180, 182, 183, 187, 190, 191, 194, 197 and 198 all share the unacceptable statement that FAC allegations are admitted "except to the extent that any of the allegations contradict the express terms of" the document referred to in the corresponding paragraph of the FAC. That tells the reader--whether Bank's counsel, this Court or anyone else--nothing at all about the claimed exception or exceptions. If defense counsel really have anything in mind, they are duty bound to provide a meaningful identification. Hence all of the cited paragraphs of the Answer[2] are also stricken, with leave granted to reassert any specific exceptions (detailed by chapter and verse), else the admissions of the FAC allegations will be considered unequivocal.

Under the circumstances the entire Answer is stricken, with leave granted to file a proper self-contained Amended Answer on or before February 10, 2012. No charge is to be made to these defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a

---

[2] Again see n.1.

3

copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 20, 2012