IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, a Texas banking corporation, <br><br> Plaintiff, <br><br> v. <br><br> JJST INC., an Illinois corporation; RACINE CITGO INC., an Illinois corporation; HARRISON AND HOMAN CITGO INC., an Illinois corporation; 81ST AND RACINE CITGO INC., an Illinois corporation; JACOB VAYALIL; SIBI KADALIMATTOM; 147, INC., an Illinois corporation; LOOMIS, INC., an Illinois corporation; SABU GEO; SABU LUKOSE; 154TH & COTTAGE INC., an Illinois corporation; MARILYN MATHEW, as Administrator of the Estate of Matthew Kannathussery; SCHMIDT SALZMAN & MORAN, LTD., an Illinois corporation; JONAH ROBINSON; 95TH AND ESCABANA, INC., an Illinois corporation; ZACHARIAH J. KIZMAKKECHIRATTOLICKAL; and ESCABANA CITGO INC., an Illinois corporation, <br><br> Defendants. | Civil Action No. 10-cv-5550 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sheila M. Finnegan |

**MOTION FOR ENTRY OF JUDGMENTS ON
<u>COUNTS I, II, V, VI, VII, X, XI, XIV, XV, XVIII AND XIX OF COMPLAINT</u>**

Plaintiff United Central Bank ("Plaintiff"), through its undersigned counsel, hereby moves for entry of the separate Judgments on Counts I, II, V, VI, VII, X, XI, XIV, XV, XVIII and XIX of its First Amended Complaint to Foreclose Mortgages and Security Interests, for Breach of Promissory Notes and to Enforce Guarantees (the "Complaint"), substantially in the forms attached to this Motion, as well as for the appointment of The Judicial Sales Corporation

{00146406 }

as special commissioner. In support thereof, Plaintiff states as follows:

1. On or about September 15, 2010, Plaintiff filed its First Amended Complaint to Foreclose Mortgages and Security Interests, For Breach of Promissory Notes and Enforce Guarantees (the "Amended Complaint"), seeking foreclosure of five separate mortgages encumbering five separate non-residential properties, as well as to enforce related promissory notes and separate personal guarantees of these four loans.[1] The five mortgages secure four separate loans, with Loan 340609 involving two properties and the remaining three loans each, respectively, securing a single property.

2. On January 3, 2012, this Court entered an Order of Default against defendants 147, Inc., Schmidt Salzman & Moran, Ltd. and Sabu Geo. Defendants 147, Inc. and Schmidt, Salzman & Moran, Ltd. were named as parties due to some interest in one or more of the real properties at issue and no monetary relief is sought against them. As for Sabu Geo, a default judgment was entered on February 23, 2012 on account of his guaranty of one of the loans. Defendant Marilyn Mathew, as administrator for the Estate of Matthew Kannathussery, was subsequently found in default after her answer was stricken by the Court. No monetary relief is sought against defendant Mathew and only foreclosure of her interests in one of the real properties.

3. The remaining defendants, JJST Inc., Racine Citgo Inc., Harrison and Homan Citgo Inc., 81st and Racine Citgo Inc., Jacob Vayalil, Sibi Kadalimattom, Loomis, Inc., Sabu Lukose, 154th & Cottage Inc., 95th and Escabana Inc., Zachariah Kizmakkechirattolickal and Escabana Citgo Inc. ("Defendants"), all borrowers, mortgagors or guarantors of the loans

---

[1] Plaintiff also brought two separate Counts (Counts XX and XXI) for the breach of a guaranty made by defendant Sibi Kadalimattom of loans to Allstate Petroleum, LLC. Plaintiff has since sold the underlying loans and no longer has standing to pursue the guaranty claims.

{00146406 }                                    2

underlying the First Amended Complaint, filed their (amended) Answer to the Complaint on February 10, 2012 (Docket No. 78).

4. In their Answer, Defendants admit all the principal allegations in the Complaint, including their default on the loans and Plaintiff's right to foreclose the mortgages and to enforce the notes and guaranties, but claim lack of knowledge of the loan amounts outstanding. At the last status hearing in this matter, this Court instructed Plaintiff to submit its proof of the amounts outstanding as the last matter requiring resolution prior to entry of relief for Plaintiff on the Complaint.

5. For evidence of the amounts owing, attached as Exhibits A, B, C and D are separate affidavits of Sam Radowick of Plaintiff attesting to the amounts outstanding on, respectively, Loan 340609 to JJST Inc., Racine Citgo Inc. and Harrison and Homan Citgo Inc., Loan 340709 to Loomis, Inc., Loan 319400 to 154th & Cottage Inc and Loan 340500 to 95th and Escabana, Inc. Plaintiff has also attached as Exhibit E, to evidence the attorney's fees and expenses incurred by Plaintiff relating to this litigation, an affidavit of Plaintiff's counsel, Alexander R. Domanskis. As set forth in the loan documents recited in the Complaint, the authenticity and enforcement of which are not challenged by Defendants, these expenses are recoverable in this proceeding.

6. Plaintiff has also submitted fives separate proposed Judgments on, respectively, Counts I, II, VII, XI and XV of the Complaint (as to the five mortgage counts) and a proposed Judgment on Counts V, VI, X, XIV, XVIII and XIX (as to the six guaranty counts). Plaintiff seeks deficiency judgments against the borrowers, following the sales of the mortgaged properties to the extent Plaintiff's debt is not satisfied. Plaintiff has, therefore, not prepared proposed judgment orders on the Breach of Promissory Note claims (Counts III, VIII, XII and

XVI) but reserves all rights to seek such relief. Likewise, Plaintiff has not submitted proposed judgment orders on the foreclosure of personal property claims but reserves all rights to seek such relief. The proposed Judgments will be finalized and re-submitted with updated interest numbers following their review by the Court.

7. As with the default judgment against Sabu Geo, Plaintiff requests that this Court direct that the judgments on its guaranty claims be final judgments in accordance with Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that when a district court considers multiple claims in an action, "whether as a claim, counterclaim, crossclaim or third-party claim," it "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). To decide a claim pursuant to Rule 54(b), the court must "expressly determine that there is no just reason for delay." *Id.*

8. "District courts must follow a two-step process in order to render an express determination that there is no just reason for delay." *Capital City Distribution, Inc. v. Classics International Entertainment, Inc.*, No. 95 C 5018, 1996 U.S. Dist. LEXIS 13707 at *22 (N.D. Ill. Sept. 17, 1996) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)). First, the court must determine that there is a "cognizable claim for relief" and that the judgment is "final in that it is an ultimate disposition of an individual claim." *Id.* (internal quotations and citation omitted). Second, the court must determine if there is no just reason for delay by considering "issues of judicial administration and the equities in the case," including "avoidance of duplicative and piecemeal appeals." *Id.* "Finally, in weighing the equities involved, a district court may consider the merits of the original claim, the solvency of the nonclaimant, and whether a delay in the final determination of the original claim will cause the claimant to suffer additional losses." *Id.* (citation omitted).

9. The amounts recovered at the foreclosure sales will be applied against the applicable loan secured by the particular mortgaged property and reduce the judgment of the guarantor(s) of that loan. Given Defendants' admissions in their Answer, the likelihood of duplicative or piecemeal appeals is remote. Finally, UCB has already waited over two years from the maturity date of the underlying loan to collect. There is no equitable reason to delay collection any longer. A final judgment under Rule 54(b) should be entered.

10. Finally, Plaintiff requests that this Court appoint The Judicial Sales Corporation as special commissioner for the sale of the five mortgaged properties.

WHEREFORE plaintiff United Central Bank respectfully requests that this Court enter judgments on Counts I, II, V, VI, VII, X, XI, XIV, XV, XVIII and XIX of its First Amended Complaint to Foreclose Mortgages and Security Interests, for Breach of Promissory Notes and to Enforce Guarantees substantially in the forms of proposed orders attached hereto; and for such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

**UNITED CENTRAL BANK**

By: /s/ *Andrew J. Abrams*
One of its attorneys

Alexander R. Domanskis (ARDC No. 0652288)
Andrew J. Abrams (ARDC No. 6271836)
Boodell & Domanskis, LLC
205 North Michigan Avenue, Suite 4307
Chicago, Illinois 60601
(312) 938-4070 (telephone)
(312) 540-1162 (facsimile)
domanskis@boodlaw.com
aabrams@boodlaw.com

{00146406 }                        5